# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Karen Jacobs**
(302) 351-9227
kjacobs@mnat.com

Original Filing Date: February 24, 2015
Redacted Filing Date: March 3, 2015

The Honorable Richard G. Andrews                **REDACTED - PUBLIC VERSION**
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    *CallWave Communications, LLC Litigations*, C.A. No. 12-1701 (RGA), 12-1702 (RGA), 12-1703 (RGA), 12-1704 (RGA), and 12-1788 (RGA)

Dear Judge Andrews:

      This letter provides a status report on various matters discussed at the February 10, 2015 hearing on Defendants' Renewed Motion to Stay Proceedings On the '970 Patent Pending *Inter Partes* Review by the Patent Trial and Appeal Board (the "Motion to Stay"). At the February 10 hearing, the Court advised the parties that "if anything else happens that's relevant to my decision . . . feel free to send me a brief, not terribly argumentative letter." Tr. at 38.

      Accordingly, we advise the Court that (a) Location Labs has completed production of documents and service of privilege logs in response to the subpoena from plaintiff CallWave Communications, LLC (the "Location Labs Subpoena,"), (b) Magistrate Judge Beeler of the Northern District of California issued her decision on the final pending discovery dispute arising out of the Location Labs Subpoena on February 23, 2015, ruling that the indemnification-related correspondence between AT&T Mobility, LLC and Locations Labs (which is also at issue here) is privileged and does not have to be produced, (a copy of that decision is attached), (c) the deposition of Meir Dan proceeded on February 10 and 11, 2015, but we will be seeking the opportunity to take another day of his testimony due to numerous material discovery failures which defendants are currently addressing with CallWave's counsel, and (d) the Hague Evidence Convention Letters of Request issued by the Court are in the process of being served on LocatioNet Ltd. and MPD Technologies Ltd. in Israel (a process which Israeli counsel indicates should take several weeks) and the '970 Patent inventor, [REDACTED]

      The compliance by Location Labs with the CallWave subpoena is established by the attached Declaration of Shailendra K. Maheshwari ("Maheshwari Decl."), counsel of record for Location Labs in the Northern District of California enforcement proceeding. (Ex. B). Mr. Maheshwari confirms that Location Labs has completed all of its document production obligations in connection with the subpoena issued on behalf of CallWave (Ex. B at ¶¶ 5, 6, 11,

The Honorable Richard G. Andrews
February 24, 2015
Page 2

12, 13, 14), and offers to produce a witness from Location Labs even after an order from this Court granting the pending Motion to Stay, if this Court believes it appropriate.

The last pending discovery dispute before Judge Beeler arising from the CallWave subpoena related to the same ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ correspondence that CallWave is also seeking in the discovery dispute scheduled to be heard before this Court on Wednesday, February 25, 2015. *See* Ex. B at ¶¶ 8, 9; Ex. C, February 23, 2015 Order Regarding CallWave and Location Labs' Joint Discovery Dispute Letter Dated February 6, 2015, *Callwave Communications, LLC v. Wavemarket, Inc. d/b/a Location Labs,* No. C 14-80112 JSW (LB), D.I. 64.

With regard to the documents of LocatioNet and MPD Technologies in Israel, ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. A)). Because CallWave's counsel also represents Mr. Dan (and LocatioNet with regard to all matters before the USPTO relating to the '970 patent), it appears that the Israel discovery could be readily completed with cooperation of CallWave's counsel.[1] In the event of a stay, these circumstances confirm that such discovery could be readily revived and completed if it is necessary after the lifting of a stay, which would only be needed in the unlikely event that any further proceedings are appropriate after the PTAB confirms whether its initial conclusion, that it is reasonably likely that the claims of the '970 patent are unpatentable, is correct.

Finally, Defendants note that the briefing on the pending section 101 motions challenging the patentability of the '970 patent will be complete on Friday, February 27, 2015 when the Carrier Defendants file their reply in support of Carrier Defendants' Motion for Judgment on the Pleadings for Invalidation of the Asserted Claims of the '970 Patent.

Respectfully submitted,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

KJ
Enclosures
cc: Clerk of the Court (Via Hand Delivery, w/encls.)
    All Counsel of Record (Via Electronic Mail, w/encls.)

---

[1] Defendants continue to pursue these documents in Israel under the Hague convention because CallWave and Mr. Dan have thus far refused to cooperate.